WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—February, 1887.

MATTER OF GOVERS.

*In the matter of the probate of the will of* GEORGE
GOVERS, *deceased.*

Where the proponent of a will, who was a beneficiary thereunder, died
during the pendency of a special proceeding instituted to procure the
probate thereof, leaving a will, purporting to dispose of all his prop-
erty, which was thereafter proved,—

*Held,* that the orderly method of continuing the probate proceeding would
be an *ex parte* application by the executor of the latter will to be made
a party thereto, and, upon the granting of such application, a motion
on notice for a revivor in his name as proponent.

GEORGE GOVERS died in 1885, leaving what pur-
ported to be a last will and testament.  Ann Govers,
his second wife, was named an executrix thereof and
was the chief beneficiary.  She offered the will for
probate, and the same was contested by his children
by his first wife.  He had no children by the second.
Pending the contest, the proponent died leaving a
will, of which Thomas G. Carney, her brother, was
appointed executor, which will was duly admitted to
probate, and said executor took upon himself the
burthen of the execution thereof.  Said Ann Govers
left, as next of kin, said executor, Francis H. Carney,
Bridget Carney and Mary Campbell, her brothers and
sisters.  After the will of Mrs. Govers had been prov-
en, said Bridget Carney presented a petition, which
recited the facts, praying that the proceeding to prove
the will of George Govers, deceased, be revived and

prosecuted in the names of said brothers and sisters, and that they be substituted as the proponents in such proceeding. No notice of the application was given.

M. J. TIERNEY, *for the motion.*

THE SURROGATE.—As the will of Ann Govers purports to dispose of all of her estate, which will include the subjects of the devises and bequests to her in the will of her husband, if that shall, eventually, be admitted to probate, the executor of her will should take the necessary steps to revive the proceeding, as it is his duty to recover and secure the interests and rights belonging to her and her estate. He should first petition to be made a party to the proceeding, in place of the deceased proponent, stating the proper facts. That will be an *ex parte* matter. After being duly made such party, then he will apply, on notice to the other surviving parties, for an order reviving the proceeding in his name, as proponent. That would seem to be the proper practice in a case of this kind. When it shall have been done, the controversy in regard to George Govers' will, may be continued and brought to a conclusion.

It is not intended to be understood as holding that Bridget Carney, or any of the next of kin of Ann Govers, who are beneficiaries under her will, could not take measures to revive the proceeding, but it does not appear, from her petition, what interest, if any, she has thereunder. As the executor thereof, and, as such, bound to have regard to the interests of all, Thomas G. Carney seems to be the most proper person to apply in this matter.

The present application may be withdrawn in order that the course above indicated may be pursued, if deemed advisable.